UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re:

JAMES D. JONES AND DEBRA J. JONES

        Debtors

Chapter 7
Case No. 12-42648-MSH

**MEMORANDUM OF DECISION REGARDING DEBTORS' MOTION TO AVOID JUDICIAL LIENS IMPAIRING HOMESTEAD EXEMPTION**

This matter is before me on the debtors' Motion to Avoid Judicial Liens Impairing Homestead Exemption [#55], in which the debtors seek to avoid eight judicial liens encumbering their principal residence located at 131 Freeman Road in Charlton, Massachusetts. Based on the information contained in the motion, four judicial liens encumber only Ms. Jones's interest in the property, while four other judicial liens encumber only Mr. Jones's interest in the property.

According to the motion, the Charlton property has a fair market value of $199,490.00[1] and is encumbered by a mortgage securing indebtedness of $180,207.00. On schedule C of the schedules of assets and liabilities accompanying their chapter 7 petition, the Joneses claim a $19,203.00 exemption in the property pursuant to § 522(d)(1) of the Bankruptcy Code.

Under § 522(d)(1) each debtor may claim an exemption of up to $21,625 in the debtor's aggregate interest in the Charlton property.[2] But § 522(f)'s lien avoidance provision considers

---

[1] It appears that references made to the property's $199,410.00 value in the motion and in schedules A and C to the Joneses' chapter 7 bankruptcy petition were made in error.

[2] Exemption values reflect those in effect when Mr. and Ms. Jones filed their chapter 7 bankruptcy petition on July 18, 2012.

1

"the extent [to which each judicial] lien impairs an exemption to which the debtor *would have been entitled*" (emphasis added). If a debtor uses § 522(d)(5)'s "wildcard" or "pour-over" exemption to claim more than $1,150 of the debtor's aggregate interest in any property as exempt, the debtor reduces (up to a maximum reduction of $10,825) the § 522(d)(1) exemption to which he or she is entitled.

Here, both Mr. and Ms. Jones have reduced the § 522(d)(1) exemption to which they are entitled because of their use of the § 522(d)(5) wildcard exemption. On schedule C, Mr. and Ms. Jones list § 522(d)(5) exemption claims in jointly owned property as follows:

| Checking account | $430.00 |
|---|---|
| Checking account | $29.86 |
| Lot of land | $17,900.00 |
| **Total** | **$18,359.86** |

Splitting these exemption evenly between them, Mr. and Ms. Jones will be allocated $9,179.93 each in § 522(d)(5) exemptions in this property. *See In re Ortiz*, 13-43069, 2014 Bankr. LEXIS 3012, at *4 (Bankr. D. Mass. July 14, 2014). Because Ms. Jones does not claim as exempt any other property under § 522(d)(5), she has used up $8,029.93 ($9,179.93 minus $1,150) of her § 522(d)(1) exemption allowance to protect assets other than her home. She is therefore entitled to a maximum § 522(d)(1) exemption claim of $13,595.07 ($21,625 minus $8,029.93) in her interest in the Charlton property.

Unlike Ms. Jones, Mr. Jones uses his § 522(d)(5) wildcard exemption for more than just the jointly owned property listed above. He also claims exemptions under § 522(d)(5) in property as follows:

2

| Mr. Jones | |
|---|---:|
| Insurance policy | $125.00 |
| Insurance policy | $3,993.08 |
| Motorcycle | $1,830.00 |
| Truck | $2,460.00 |
| **Total** | **$8,408.08** |

Thus Mr. Jones's § 522(d)(5) exemption claims total $17,588.01 and he has used up the maximum $10,825 of his § 522(d)(1) exemption claim to protect assets other than his home. Mr. Jones is entitled to a maximum § 522(d)(1) exemption claim in his interest in the Charlton property of $10,800 ($21,625 minus $10,825).

Having calculated the § 522(d)(1) exemptions that the Joneses are entitled to claim in the Charlton property—$13,595.07 for Ms. Jones and $10,800.00 for Mr. Jones—the extent to which any of the eight judicial liens may be avoided under § 522(f) can now be determined.

Section 522(f)(2)(A) provides that:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
> (i)     The lien;
> (ii)    All other liens on the property; and
> (iii)   The amount of the exemption that the debtor could claim if there were no liens on the property;
> Exceeds the value that the debtor's interest in the property would have in the absence of any liens.

As explained in *In re Ortiz,* "[a]ll other liens on the property" in subsection (ii) means all liens against a specific debtor's interest in the property. Liens encumbering only another debtor's interest are excluded. Thus, although Mr. Jones's impairment calculation will include the mortgage and four judicial liens that encumber his interest in the Charlton property, it will not include the four other judicial liens that encumber only Ms. Jones's interest in the property, and vice versa. *See In re Ortiz*, 2014 Bankr. LEXIS 3012, at *6. Similarly, a debtor can use only his

3

or her individual § 522(d)(1) exemption in calculating that exemption's impairment under § 522(f) and cannot increase or "stack" it with the § 522(d)(1) exemption of a co-debtor. *See id.*

    A.  <u>Avoidance of Judicial Liens Encumbering Ms. Jones's Interest</u>

The motion seeks avoidance of four judicial liens encumbering Ms. Jones's interest in the Charlton property. Applying § 522(f)(2)(A)'s formula to the liens beginning with the most junior lien achieves the following results:

    1.  The $13,425.94 CACH, LLC lien, recorded on or about June 25, 2009 at the Worcester Registry of Deeds in Book 44481, Page 218, is avoided in full.

| **The lien** | **CACH, LLC** | **$13,425.94** |
|---|---|---|
| All other liens against Ms. Jones's Interest | First mortgage | $180,207.00 |
| | CACH, LLC | 9,332.79 |
| | Portfolio Recovery Associates, LLC | $10,752.26 |
| | Capital One Bank | $2,206.74 |
| Amount of exemption Ms. Jones would have been entitled to claim | § 522(d)(1) less pour-over | $13,595.07 |
| **SUBTOTAL** | | **$229,519.80** |
| Value of the property | | $199,490.00 |
| **AMOUNT OF IMPAIRMENT** | | **$30,029.80** |

    2.  The $9,332.79 CACH, LLC lien, recorded on or about February 19, 2009 at the Worcester Registry of Deeds in Book 43824, Page 187, is avoided in full.

| **The lien** | **CACH, LLC** | **9,332.79** |
|---|---|---|
| All other liens against Ms. Jones's Interest | First mortgage | $180,207.00 |
| | Portfolio Recovery Associates, LLC | $10,752.26 |
| | Capital One Bank | $2,206.74 |
| Amount of exemption Ms. Jones would have been entitled to claim | § 522(d)(1) less pour-over | $13,595.07 |
| **SUBTOTAL** | | **$216,093.86** |
| Value of the property | | $199,490.00 |
| **AMOUNT OF IMPAIRMENT** | | **$16,603.86** |

3. The $10,752.26 Portfolio Recovery Associates, LLC lien recorded on or about December 8, 2006 at the Worcester Registry of Deeds in Book 40311, Page 34, is avoided in part.

| **The lien** | **Portfolio Recovery Associates, LLC** | **$10,752.26** |
|---|---|---|
| All other liens against Ms. Jones's Interest | First mortgage | $180,207.00 |
| | Capital One Bank | $2,206.74 |
| Amount of exemption Ms. Jones would have been entitled to claim | § 522(d)(1) less pour-over | $13,595.07 |
| **SUBTOTAL** | | **$206,761.07** |
| Value of the property | | $199,490.00 |
| **AMOUNT OF IMPAIRMENT** | | **$7,271.07** |

Unlike the two CACH, LLC liens, the Portfolio Recovery Associates, LLC lien impairs only part of the § 522(d)(1) exemption Ms. Jones is entitled to claim in the Charlton property. The $7,271.07 partial impairment means that $3,481.19 of the lien, equaling the difference between the impairment and the amount of the Portfolio Capital Associates, LLC lien, survives.

4. The $2,206.74 Capital One Bank, LLC lien, recorded on or about October 16, 2006 at the Worcester Registry of Deeds in Book 39969, Page 276, cannot be avoided because there is no impairment.

| **The lien** | **Capital One Bank** | **$2,206.74** |
|---|---|---|
| All other liens against Ms. Jones's Interest | First mortgage | $180,207.00 |
| | Portfolio Recovery Associates, LLC | $3,481.19 |
| Amount of exemption Ms. Jones would have been entitled to claim | § 522(d)(1) less pour-over | $13,595.07 |
| **SUBTOTAL** | | **$199,490.00** |
| Value of the property | | $199,490.00 |
| **AMOUNT OF IMPAIRMENT** | | **$0.00** |

B. <u>Avoidance of Judicial Liens Encumbering Mr. Jones's Interest</u>

The motion seeks avoidance of four judicial liens encumbering Mr. Jones's interest in the Charlton property. Applying § 522(f)(2)(A)'s formula to the liens beginning with the most junior lien achieves the following results:

1. The $7,537.22 Midland Funding, LLC lien, recorded on or about December 15, 2009 at the Worcester Registry of Deeds in Book 45234, Page 156, is avoided in full.

| **The lien** | **Midland Funding, LLC** | **$7,537.22** |
|---|---|---|
| All other liens against Mr. Jones's Interest | First mortgage | $180,207.00 |
|  | Palisades Acquisition, LLC | $7,513.97 |
|  | Troy Capital, LLC | $10,769.29 |
|  | Capital One Bank | $5,818.36 |
| Amount of exemption Mr. Jones would have been entitled to claim | § 522(d)(1) less pour-over | $10,800.00 |
| **SUBTOTAL** |  | **$222,645.84** |
| Value of the property |  | $199,490.00 |
| **AMOUNT OF IMPAIRMENT** |  | **$23,155.84** |

2. The $7,513.97 Palisades Acquisition, LLC lien, recorded on or about September 8, 2008 at the Worcester Registry of Deeds in Book 43287, Page 292, is avoided in full.

| **The lien** | **Palisades Acquisition, LLC** | **$7,513.97** |
|---|---|---|
| All other liens against Mr. Jones's Interest | First mortgage | $180,207.00 |
|  | Troy Capital, LLC | $10,769.29 |
|  | Capital One Bank | $5,818.36 |
| Amount of exemption Mr. Jones would have been entitled to claim | § 522(d)(1) less pour-over | $10,800.00 |
| **SUBTOTAL** |  | **$215,108.62** |
| Value of the property |  | $199,490.00 |
| **AMOUNT OF IMPAIRMENT** |  | **$15,618.62** |

3. The $10,769.29 Troy Capital, LLC lien recorded on or about May 28, 2008 at the Worcester Registry of Deeds in Book 42891, Page 98 is avoided in part.

| **The lien** | **Troy Capital, LLC** | **$10,769.29** |
|---|---|---:|
| All other liens against Mr. Jones's Interest | First mortgage | $180,207.00 |
| | Capital One Bank | $5,818.36 |
| Amount of exemption Mr. Jones would have been entitled to claim | § 522(d)(1) less pour-over | $10,800.00 |
| **SUBTOTAL** | | **$207,594.65** |
| Value of the property | | $199,490.00 |
| **AMOUNT OF IMPAIRMENT** | | **$8,104.65** |

Unlike the Midland Funding, LLC and Palisades Acquisition, LLC liens, the Troy Capital, LLC lien impairs only part of the § 522(d)(1) exemption Mr. Jones is entitled to claim in the Charlton property. The $8,104.65 partial impairment means that $2,664.64 of the lien, equaling the difference between the impairment and the amount of the Troy Capital, LLC lien, survives.

    4. The $5,818.36 Capital One Bank lien, recorded on or about April 25, 2008 at the Worcester Registry of Deeds in Book 42749, Book 243, cannot be avoided because there is no impairment.

| **The lien** | **Capital One Bank** | **$5,818.36** |
|---|---|---:|
| All other liens against Mr. Jones's Interest | First mortgage | $180,207.00 |
| | Troy Capital, LLC | $2,664.64 |
| Amount of exemption Mr. Jones would have been entitled to claim | § 522(d)(1) less pour-over | $10,800.00 |
| **SUBTOTAL** | | **$199,490.00** |
| Value of the property | | $199,490.00 |
| **AMOUNT OF IMPAIRMENT** | | **$0.00** |

A separate order shall issue.

Dated: January 7, 2015                                          By the Court,

                                                                             Melvin S. Hoffman
                                                                             U.S. Bankruptcy Judge